U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 27 2006

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JEFFREY SMITH | CIVIL ACTION NO. 05-1535-A |
| FED. REG. NO. 42222-083 | SECTION P |
| VS. | JUDGE DRELL |
| FREDERICK MENIFEE, WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on August 30, 2005 by *pro se* petitioner Jeffrey Smith. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is presently incarcerated at the Federal Corrections Institute, Allenwood, Pennsylvania (FCIA), but when he filed his petition he was incarcerated at the United States Penitentiary, Pollock, Louisiana (USPP).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the reasons that follow, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

### STATEMENT OF THE CASE

The Original Petition (styled "Petitioner's Motion for Release From Illegal Confinement Pursuant to 28 U.S.C. §2241") [doc. 1-1], its accompanying exhibits [doc. 1-3], the Amended Petition (styled "Addendum and Supporting Brief to Writ of Habeas

Corpus filed 8/30/05, To Vacate, Set Aside or Correct Judgment and Sentence of Count 1, 2, 3, and 4") [doc. 5], and, the Objections to the Report and Recommendation of January 24, 2006 (styled "Petitioner's Reply to Magistrate Judge ... Response to Petitioner's Writ of Habeas Corpus 28 U.S.C. §2241, To Vacate, Set Aside or Correct Judgment and Sentence of Count 1, 2, 3, and 4") and its accompanying exhibits [doc. 7] allege the following.

In June, 1997 petitioner was an inmate at the Medium Security Facility of the Lorton Reformatory Correctional Complex in Fairfax, Virginia. At that time a federal grand jury returned a four count indictment charging him with conspiracy to possess with intent to distribute 7.6 grams of marijuana in violation of 21 U.S.C. §846, possession with intent to distribute 7.6 grams of marijuana in violation of 21 U.S.C. §841(a)(1) & (b)(1)(D), introduction of 7.6 grams of marijuana into a penal institution in violation of 22 District of Columbia Code 2603 and 18 U.S.C. §2 and possession of 7.6 grams of marijuana by a prisoner in violation of 18 U.S.C. §13 assimilating Section 53.1-203(6) Code of Virginia, 1950.[1] [see doc. 5, pp. 10-16]

Petitioner pled guilty to the charges in the United States District Court for the Eastern District of Virginia, and on November 14, 1997 he was sentenced to serve 60 months on counts 1

---

[1] The indictment alleged that on November 2, 1996, petitioner, with the assistance of one Joanne Shields, conspired together to smuggle marijuana into the prison during visitation by concealing the drugs in soft drink cans.

and 2 to run concurrent with the sentence imposed on counts 3 and 4, and, 84 months on counts 3 and 4 to run concurrent with the sentence imposed on counts 1 and 2. [doc. 1-3, pp. 1-3] These sentences were made consecutive to the original sentence petitioner was already serving. [doc. 1-1, p. 3]

According to petitioner, the original Lorton sentence ended in December, 2000 and he was then taken into BOP custody. [*id.*]

In April 2002 petitioner appeared before the United States Parole Commission. He was informed that he was not parole eligible on counts One and Two because they were "Federal Sentences." He was advised that he would be eligible for parole in March 2005 on counts Three and Four. [*id.*]

As promised, petitioner returned for a second hearing before the United States Parole Commission in March 2005. He was advised that he had satisfied the sentences imposed on counts One and Two and that he was eligible for parole on Counts Three and Four. [*id.*, see also, doc. 1-3, pp. 4-8] He was advised that he would be paroled on August 22, 2005 contingent upon the approval of a parole plan by the Chief Probation and Parole Officer in the Eastern District of Virginia. [doc. 1-1, p. 3]

Petitioner then asked USPP's Inmate Systems Manager White to explain how he might submit such a parole plan. White advised petitioner that he was not parole eligible and therefore would not be allowed to appear before the United States Parole

Commission. When petitioner advised White that he had already appeared before the Parole Commission, White advised petitioner that he would investigate the situation. [*id.*]

Later, White advised petitioner that Count Four was a "...consecutive 'old law' sentence" and therefore petitioner would be "...parol[ed] to another 84 Month Consecutive Term." [doc. 1-1, p. 4]

Petitioner signed his parole certificate on August 12, 2005; according to the certificate, petitioner was to be paroled on August 22, 2005. [doc. 1-3, p. 5] Petitioner made USPP Warden Menifee aware of the contents of the certificate, however, Menifee advised petitioner that the Inmate Systems Computer showed that petitioner had an additional 84 month prison sentence remaining. [doc. 1-1, p.4]

In his original petition, petitioner claimed that the United States Parole Commission granted petitioner parole on August 22, 2005 while he was an inmate at the USPP and that Mr. White, USPP's Inmate Systems Manager, "changed the records of the Parole Commission and informed respondent (USPP Warden) Menifee that petitioner has a consecutive federal sentence to serve." [doc. 1-1, p. 1]

In the amended petition, styled "Addendum and Supporting Brief to Writ of Habeas Corpus..." which was filed on January 23, 2006 [doc. 5], petitioner claimed that he was "...challenging the

improper sentence by the District Court on Count 3 and 4, because these two Counts are inappropriately applied and should be excised from the indictment. Also the level under which defendant was sentenced under Count 1 & 2 are incorrectly applied." [doc. 5, p. 2] He then argued three specific claims for relief:

> Claim 1. Defendant was sentenced on Count 3 for introducing marijuana in a Penal Institution, Lorton Reformatory and was sentenced to 84 months under the DC Codes and was eligible, and granted parole. Date of parole was 10/22/05, but was not released on parole, instead released to the Immigration complex at FCI Allenwood to complete concurrent 84 months sentence on Count 4, which is <u>an improper sentence</u>.
>
> Claim 2. Defendant was convicted and sentenced in the District Court of Virginia under the As[s]imilating 53.1-203(6) Code of VA 1950, under the Federal As[s]imilation Crimes Act 18 USC §13, which is an improper scheme used for sentencing, because the USSG[2] has sentencing provision under guideline 2P1.2, statutory provision 18 USC §1791. <u>Because the Federal Sentencing Guideline has already established a sentencing provision for a crime committed in a penal institution, the District Court cannot sentence defendant under the As[s]imilation Crimes Act 18 USC §13 and used the State sentencing guideline for sentencing</u>.
>
> Claim 3. Defendant['s] offense level was 8, he received 2 points reduction for acceptance of responsibility which puts him at 6 points. At level 6 Category 6 put defendant's sentencing range at 12-18 months. <u>The sentence of 60 months is indiscretionately outside the guideline range.</u> See sentencing table.

---

[2] The United States Sentencing Guidelines.

>     All the above claims are cognizable claims in
>     that they are of constitutional magnitude or
>     resulted in errors which inherently involve a
>     complete miscarriage of justice. [doc. 5, pp.
>     2-3; emphasis supplied]

Petitioner concluded his amended petition by stating, "The defendant is entitled to have his sentence imposed in Count 3 and 4, introducing marijuana in a penal institution in perspective be vacated or set aside due to the fact that Congress did enact[] a provision for that offense. Count 1 and 2 should also be vacated or set aside because of the error in sentencing." [doc. 5, p. 6; emphasis supplied]

On January 24, 2006, the undersigned authored a Report recommending dismissal of petitioner's original petition based upon allegations in the original petition which suggested that he did not fully exhaust available administrative remedies prior to filing suit.[3] [doc. 6]

On February 10, 2006 petitioner filed a timely objection to the Report and Recommendation. [doc. 7] Therein he claimed, "On August 24, 2005 Petitioner signed his pro se petition for Writ of Habeas Corpus. When Petitioner filed the petition, he was confined at the USP Pollock. Petitioner's Habeas Corpus was filed August 30th, 2005. Petitioner was seeking to have his sentence

---

[3] In his original petition, petitioner claimed to have filed a first step administrative remedies procedure grievance in August, 2005 shortly before he filed the instant petition. Based upon that allegation, the undersigned concluded that petitioner could not have exhausted his claims at the regional and national level as required by CFR § 542.10 et seq. prior to filing his suit in late August of the same year. [see doc. 6]

<u>adjusted based on the fact that error existed in the imposition of his sentenced</u>. On January 23rd, 2006 the Court was in receipt of Petitioner's Addendum and Supporting Brief to his Writ of Habeas Corpus 28 U.S.C. §2241 motion, filed August 30th, 2005. On January 23rd, 2006 the Court made it convenient to respond to the Writ filed August 30th, 2005 and disregarded the reply to the Addendum and Supporting brief which the Court was in receipt of on January 23rd, 2006." [doc. 7, p. 2; emphasis supplied]

Petitioner then noted that in his original petition he had challenged the method in which his sentence was being executed because it was his understanding that "... count three and four were state sentences ... [t]herefore ... Defendant was expecting parole on count three and four." [*id.*, p. 3] However, petitioner then noted, that he

> ...later discovered that count four was an 'old law' sentence, which gave the Federal Government jurisdiction under the Assimilating Crimes Act, because the crime took place on a Federal enclave in the state of Virginia ... Due to the Federal Sentencing Reform Act of 1984, Federal sentences are not parolable. Pursuant to 18 U.S.C. §13 the District Court could sentence Defendant under the Federal jurisdiction using the sentencing guideline's [sic] of the State where the Act or omission was committed. During Defendant's ensuing inquiries he discovered that even though the procedures are true, there are limitations to its application ... The Addendum and Supporting Brief [Amended Petition] ... demonstrated the limitation and the supporting laws that show where count four should not be applicable to Defendant and should be excised from the enumerated

counts ... <u>It is the request of the Defendant requesting the Court to adjudicate Defendant's Writ of Habeas Corpus 28 U.S.C. §2241 based on the meritorious issues set forth in the Addendum and Supporting Brief.</u>
[doc. 7, pp. 3-4; emphasis supplied]

Petitioner also attached copies of the Administrative Remedies Procedure Grievances he submitted to the BOP Regional Director, and the BOP's Administrator for National Inmate Appeals and the responses received from these two officials. [doc. 7, pp. 8-17][4]

Based upon the "Addendum ... " [Amended Petition], and the "Petitioner's Reply..." [Objection to Report and Recommendation and Exhibits], the undersigned, on March 28, 2006, withdrew the Report and Recommendation. [doc. 9]

---

[4] In his grievance dated August 5, 2004 and addressed to the Regional Administrator, petitioner requested "...more specific data computation." [id., p. 8] The Regional Administrator's response dated September 13, 2004 noted that petitioner was complaining about the structure of his "... sentence computations with regard to parole eligibility." He noted petitioner's contention that "... the sentence imposed for count three is parole eligible." In denying relief, the Regional Administrator further noted, "Since your sentence in count three was imposed pursuant to D.C. Code, a separate computation was prepared for this cunt with a parole eligibility date of April 21, 2003. Your were seen by the U.S. Parole Commission, and your parole was denied. You were continued to a three-year reconsideration hearing in April 2005. The other three counts were computed in accordance with U.S. Code, and there is no parole eligibility for sentences imposed pursuant to the Prison Litigation Reform Act. Even though your offense for count three was assimilated from Virginia statutes as outlined in Title 18 U.S.C. 13, the penalty was determined by U.S. Code and the U.S. Sentencing Guidelines. Your sentence computations have been reviewed, and they are correct. Your appeal is denied." [id., p. 9] Petitioner's subsequent appeal to the National Inmate Appeals Administrator stated, "The response from the Regional Director states that I was sentence[d] twice on this same charge and that it is to run concurrently with each other ... Therefore, I am now coming ... to obtain the correct computation." [id., p. 12] This appeal was denied on November 18, 2004. [id., p. 13]

**LAW AND ANALYSIS**

Based upon the allegations of the Original Petition[5] [doc. 1], the undersigned concluded,

> Petitioner does not challenge his convictions in the United States District Court for the Eastern District of Virginia; instead he attacks the manner in which the sentence imposed following those convictions is being executed. Accordingly, he seeks *habeas corpus* relief under 28 U.S.C. § 2241...
>
> Petitioner argues that the respondents have wrongfully calculated his sentence and are depriving him of parole despite the contrary findings of the United States Parole Commission.
>
> BOP inmates may use 28 U.S.C. § 2241 to challenge the manner in which their sentence is executed. See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 900-01 (5th Cir.2001). [See doc. 6, Report and Recommendation, at pp. 3-4]

However, petitioner's Amended Petition and Objection [docs. 5 and 7] suggest that the initial analysis of his claim was incorrect. As shown above, petitioner <u>does not now challenge the manner in which his sentence is being executed</u>; instead, he now claims "...the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... or that the sentence ... is otherwise

---

[5] In his original petition, petitioner claimed that the United States Parole Commission granted petitioner parole on August 22, 2005 while he was an inmate at the USPP. Mr. White, USPP's Inmate Systems Manager "<u>changed the records of the Parole Commission and informed respondent (USPP Warden) Menifee that petitioner has a consecutive federal sentence to serve.</u>" [doc. 1-1, p. 1]

subject to collateral attack..."[6] Therefore, in order to obtain the relief he seeks, petitioner must file a Motion to Vacate pursuant to 28 U.S.C. §2255 since that statute provides the process which allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

Petitioner's conviction, as has been elsewhere shown, was obtained in the United States District Court for the Eastern District of Virginia. See United States of America v. Jeffrey Smith, No. 1:97-cr-00263 (U.S.D.C. E.D.Va.). The sentence complained of was imposed by that court on November 14, 1997.

---

[6] As shown above, in the amended petition, styled "Addendum and Supporting Brief to Writ of Habeas Corpus..." which was filed on January 23, 2006 [doc. 5], petitioner claimed that he was "...challenging the improper sentence by the District Court on Count 3 and 4, because these two Counts are inappropriately applied and should be excised from the indictment. Also the level under which defendant was sentenced under Count 1 & 2 are incorrectly applied." [doc. 5, p. 2]

He also argued three claims for relief in his amended petition. In Claim 1 he maintained that the sentence imposed on Count 3 was "... an improper sentence." In Claim 2 he argued, "Because the Federal Sentencing Guideline has already established a sentencing provision for a crime committed in a penal institution, the District Court cannot sentence defendant under the As[s]imilation Crimes Act 18 USC §13 and used the State sentencing guideline for sentencing." In Claim 3 he maintained that "The sentence of 60 months is indiscretionately outside the guideline range." He concluded, "All the above claims are cognizable claims in that they are of constitutional magnitude or resulted in errors which inherently involve a complete miscarriage of justice." [doc. 5, pp. 2-3; emphasis supplied]

He also argued, "The defendant is entitled to have his sentence imposed in Count 3 and 4, ... vacated or set aside due to the fact that Congress did enact[] a provision for that offense. Count 1 and 2 should also be vacated or set aside because of the error in sentencing." [doc. 5, p. 6; emphasis supplied]

In his Objection to the Report and Recommendation, he made this fact even clearer by stating, "Petitioner was seeking to have his sentence adjusted based on the fact that error existed in the imposition of his sentenced." [doc. 7, p. 2]

Petitioner's sentence was affirmed in an unpublished opinion of the United States Court of Appeals for the Fourth Circuit on June 5, 1998. See United States of America v. Jeffrey Smith, 151 F.3d 1031 (4th Cir. 1998)(unpublished). His petition for *certiorari* was denied by the United States Supreme Court on October 5, 1998. See Jeffrey Smith v. United States of America, 525 U.S. 890, 119 S.Ct. 208, 142 L.Ed.2d 171 (1998).

A review of the docket sheet of the United States District Court for the Eastern District of Virginia reveals that petitioner has not filed a §2255 Motion to Vacate in that court. The docket sheet does reflect that petitioner filed a "Motion to Clarify Sentence" on May 16, 2005; this Motion was denied on June 1, 2005. [See United States of America v. Jeffrey Smith, No. 1:97-cr-00263 at docs. 29-30] The docket sheet also reveals that petitioner filed a "Motion for Correction of Sentence Under Rule 60(B)" on July 8, 2005; this Motion was denied on July 20, 2005. [*id.*, at docs. 31-32]

Section 2255 provides in pertinent part, "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it appears that the remedy by motion is inadequate or ineffective to test the

legality of his detention."

Petitioner may proceed in this court under §2241 but only if he can show that the remedy provided by §2255 is inadequate or ineffective to test the legality of his detention. The burden falls on the petitioner to demonstrate that the § 2255 remedy is inadequate or ineffective. <u>Reyes-Requena v. United States</u>, 243 F.3d 893 at 901 (5th Cir. 2001). This so-called "savings clause" represents only a "limited exception" and consequently, the petitioner's burden in demonstrating the inadequacy of the §2255 remedy is a stringent one. *Id.* at 901-02.

A petitioner seeking relief under the §2255 savings clause must demonstrate three things: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *Id.* at 904; see also <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.2001), *cert. denied*, 534 U.S. 1001, 122 S.Ct. 476, 151 L.Ed.2d 390 (2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." <u>Reyes-Requena</u>, 243 F.3d at 903.

The fact that a prior §2255 motion was unsuccessful, or that

the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir.2000).

Here, the record reflects that petitioner has never availed himself of the remedy provided by §2255.[7] Further, it appears that any attempt to seek relief now in the United States Court in Virginia might well be time-barred by the provisions of §2255 which provide:

> A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[7] As shown above, the docket sheet from the United States District Court for the Eastern District of Virginia shows that petitioner filed two post-conviction motions - a "Motion to Clarify Sentence" on May 16, 2005, and a "Motion for Correction of Sentence under Rule 60(B)..." on July 8, 2005. Both were denied. The docket sheet does not reveal whether or not either of these post-conviction pleadings was construed as a §2255 Motion.

Nevertheless, even the fact that a §2255 motion would now be time-barred does not make the remedy inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).

Therefore, since petitioner's claims arise under 28 U.S.C. §2255, and, since he cannot proceed under the "savings clause," his petition for writ of *habeas corpus* must be dismissed.

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415**

(5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 27th day of April, 2006.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE